IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BIERMAN, | No. C-10-4203 MMC |
| Plaintiff, | **ORDER DIRECTING DEFENDANT TO SHOW CAUSE WHY ACTION SHOULD NOT BE REMANDED** |
| v. | |
| TOSHIBA CORPORATION, et al., | |
| Defendants. | |

Before the Court is defendant Toshiba America Information Systems, Inc.'s ("Toshiba") Notice of Removal, filed September 17, 2010,[1] by which Toshiba has removed from state court a complaint filed by plaintiff Bruce Bierman ("Bierman"). In the Notice of Removal, Toshiba asserts that the complaint "arises under federal copyright laws." (See Notice of Removal ¶ 3.)

In his complaint, Bierman alleges that he "invented and developed a product and technology named 'Bookmark'" (see Compl. ¶ 1), which product/technology is "data protection software" (see Compl. ¶ 2). Bierman also alleges that while he was "engaged in discussions and negotiations with [Toshiba] . . . for the licensing of [his] Bookmark products and/or Bookmark technology," he entered into a "binding non-disclosure agreement" with

---

[1] On September 28, 2010, the above-titled action was reassigned to the undersigned.

Toshiba and subsequently "disclosed to Toshiba confidential information constituting trade secrets." (See Compl. ¶¶ 3-4.) Bierman further alleges that he entered into the non-disclosure agreement and made the disclosures in reliance on Toshiba's promise that it "intended to license [his] Bookmark product and/or Bookmark technology." (See Compl. ¶ 4.) According to Bierman, Toshiba's "representations were false" because Toshiba "had no intention of licensing [his] Bookmark products or Bookmark technology." (See Compl. ¶ 5.) Bierman further alleges that he provided Toshiba with an "evaluation version of the Bookmark software" and that Toshiba, by accepting such version, entered into a licensing agreement with respect to such software, which agreement limited the manner in which Toshiba could use the software. (See Compl. ¶¶ 18-28, 66.) Bierman alleges that after Toshiba entered into the above-described agreements, "Toshiba stole [his] Bookmark technology and wrongfully disclosed and used [his] technology for its own financial gain, profit and business advantage." (See Compl. ¶ 6.) Based on the above allegations, Bierman asserts the following eight causes of action: (1) "misappropriation of trade secrets"; (2) "breach of confidence"; (3) "breach of implied-in-fact contract"; (4) "intentional misrepresentation"; (5) "breach of contract – non-disclosure agreement"; (6) "breach of contract – licensing agreement"; (7) "unjust enrichment/ restitution"; and (8) "an accounting."

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). "Absent diversity of citizenship, federal-question jurisdiction is required." Id. Here, Toshiba does not contend that the parties are diverse, but, rather, as stated above, argues that the complaint arises under federal copyright laws. On its face, however, the complaint alleges only claims arising under state law. Toshiba argues federal-question jurisdiction nonetheless exists because Bierman has "artfully pleaded his [c]omplaint in an attempt to avoid explicitly stating a federal cause of action" for copyright infringement." (See Notice of Removal ¶ 7.)

//

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule', which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Caterpillar, 482 U.S. at 392. "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." Id. Further, the presence of a federal question in a "defensive argument," such as a claim that a state law cause of action is preempted by a federal statute, "does not overcome the paramount policies embodied in the well-pleaded complaint rule." See id. at 399-400.

Although the instant complaint does allege that Intellisoft International, Inc., a company "solely owned" by Bierman, owns a copyright in Bookmark (see Compl. ¶¶ 17, 24), the action is not brought by Intellisoft International Inc.  Further, even if Bierman and/or Intellisoft International, Inc. could have brought a claim for copyright infringement against Toshiba, such a claim has not been brought.  Rather, as noted, Bierman has chosen to seek relief solely under state law.  See Caterpillar, 482 U.S. at 394-95 (holding district court lacked federal-question jurisdiction over state law claim that employer breached individual employment agreements; observing that although plaintiffs had rights under a collective bargaining agreement and thus could have brought claim under federal Labor Management Relations Act, plaintiffs "chose not to do so").

Accordingly, Toshiba is hereby DIRECTED TO SHOW CAUSE, in writing and no later than October 19, 2010, why the above-titled action should not be remanded.  Any reply by Bierman shall be filed no later than October 28, 2010.

**IT IS SO ORDERED.**

Dated: October 4, 2010

MAXINE M. CHESNEY
United States District Judge

3