IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE BIERMAN,

    Plaintiff,

  v.

TOSHIBA CORPORATION, et al.,

    Defendants.

No. C-10-4203 MMC

**ORDER DISMISSING COMPLAINT IN PART AND REMANDING ACTION**

By order filed October 4, 2010, the Court directed defendant Toshiba America Information Systems, Inc.'s ("Toshiba") to show cause why the instant action should not be remanded to state court. Before the Court is Toshiba's response to the order to show cause, as well as plaintiff Bruce Bierman's ("Bierman") reply thereto. Having read and considered the parties' respective written submissions, the Court rules as follows:

Where a complaint filed in state court includes a state law claim that is preempted by the Copyright Act, the complaint is removable under the "complete preemption doctrine." See Briarpatch Limited, L.P. v. Phoenix Pictures, Inc., 373 F.3d 296, 304-05 (2nd Cir. 2004).[1] Here, Toshiba argues that three of the causes of action alleged in Bierman's

---

[1] Although the Ninth Circuit has not yet determined whether the complete preemption doctrine applies to state law claims preempted by the Copyright Act, the three circuits to have considered the issue, specifically, the Second, Fourth, and Sixth Circuits, have so concluded. See Ritchie v. Williams, 395 F.3d 283, 286-87 (6th Cir. 2005); Briarpatch Limited, 373 F.3d at 304-05; Rosciszewski v. Arete Associates, Inc., 1 F.3d 225, 230-233 (4th Cir. 1993). The Court finds the reasoning of such cases to be persuasive.

complaint, specifically, the Sixth, Seventh, and Eighth Causes of Action, are preempted by the Copyright Act.

Contrary to Toshiba's argument, the Sixth Cause of Action, alleging a claim for breach of a licensing agreement, is not preempted by the Copyright Act. See Altera Corp. v. Clear Logic, Inc., 424 F.3d 1079, 1089 (9th Cir. 2005) (holding claim alleging use of copyrighted material in violation of terms of license agreement not preempted by Copyright Act; citing with approval Federal Circuit's observation that "most courts to examine this issue have found that the Copyright Act does not preempt contractual constraints on copyrighted articles").

Contrary to Bierman's argument, the Seventh Cause of Action, alleging a claim for "unjust enrichment/restitution," is preempted by the Copyright Act to the extent it is based on the theory that Toshiba made misrepresentations to obtain "Bookmark" software from Bierman and then used the software (see Compl. ¶¶ 29, 32, 34, 71-72), which software the complaint acknowledges is copyrighted (see Compl. 24). Under California law, a claim for "unjust enrichment" or "restitution," when based on the theory that a defendant made use of something it obtained from the plaintiff by "fraud," is a claim based on "quasi-contract," or "contract 'implied in law,'" which theory is not the legal equivalent of a claim for breach of actual contract. See McBride v. Boughton, 123 Cal. App. 4th 379, 387-88 and n.6 (2004).[2] State law claims based on the theory that "the defendant has improperly benefitted from using a certain [copyrighted] work and that a contract should be implied in law [based on such use] . . . are preempted." See Firoozye v. Earthlink Network, 153 F. Supp. 2d 1115, 1126 (N.D. Cal. 2001) (citing cases).

Although the complaint includes a preempted claim within the Seventh Cause of Action, Bierman, in his reply to Toshiba's response to the order to show cause, states he seeks to base the Seventh Cause of Action solely on the theories that (1) Toshiba

---

[2] As the California Court of Appeal has explained, "[u]njust enrichment is not a cause of action, . . . but rather a general principle, underlying various legal doctrines and remedies." See id. at 387.

breached the terms of two written agreements, and (2) Toshiba misappropriated Bierman's "trade secrets" (see Pl.'s Reply, filed October 29, 2010 at 7:11-13), the latter referring to material other than the Bookmark software, such as "marketing plans" and "customer lists" (see Compl. ¶ 29). Under the circumstances, the Court deems Bierman to have withdrawn the Seventh Cause of Action to the extent it is preempted, i.e., to the extent it is based on a claim that Bierman is entitled to restitution in light of Toshiba's allegedly having made misrepresentations to obtain, and ultimately use, Bookmark software.

Further, as Bierman acknowledges, the Eighth Cause of Action, alleging a claim for an accounting, does not state an independent claim for relief under state law, but is "derivative and depends on the validity of [the] underlying claims." See Duggal v. G.E. Capital Communications Services, Inc., 81 Cal. App. 4th 81, 95 (2000). Because, as noted above, the Seventh Cause of Action is preempted in part, the Eighth Cause of Action likewise is preempted in part. Further, because, as set forth above, the preempted claim within the Seventh Cause of Action has been withdrawn, the Court likewise deems withdrawn the derivative preempted claim within the Eighth Cause of Action.

The remaining claims in the complaint arise under state law, and the Court's jurisdiction over such claims is supplemental in nature. See 28 U.S.C. § 1367(a). Where, as here, all federal claims will be dismissed, the district court may decline to exercise supplemental jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). In this instance, given the early stage of the proceedings, and there appearing no considerations weighing against remand, the Court finds it appropriate to decline to exercise supplemental jurisdiction over the state law claims in the complaint.

**CONCLUSION**

For the reasons stated above:

1. To the extent the Seventh and Eighth Causes of Action are based on a theory that Toshiba allegedly made misrepresentations to obtain Bookmark software and then used such software, the claims are hereby deemed withdrawn and, consequently, are hereby DISMISSED with prejudice.

3

2. The instant action is hereby REMANDED to the Superior Court of the State of California, in and for the County of Marin.

**IT IS SO ORDERED.**

Dated: November 12, 2010

MAXINE M. CHESNEY
United States District Judge