IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

BRUCE BIERMAN,

        Plaintiff,

  v.

TOSHIBA CORPORATION, et al.,

        Defendants.
_____/

No. C-10-4203 MMC

**ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT; VACATING JANUARY 7, 2011 HEARING**

      Before the Court is defendant Toshiba America Information Systems, Inc.'s ("Toshiba") motion "to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)," filed November 19, 2010, as amended November 23, 2010. Plaintiff Bruce Bierman ("Bierman") has filed opposition, to which Toshiba has replied. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for January 7, 2011, and rules as follows.

      By order filed November 12, 2010, the Court dismissed the federal claims in Bierman's complaint and, in light of such dismissal, remanded to state court the remaining claims, each of which was brought under state law. By the instant motion, Toshiba argues the Court should reconsider its order remanding the state law claims. Specifically, Toshiba asserts that, shortly after November 12, 2010, it became aware of an action pending in this

District brought by Bierman against International Business Machines Corporation ("IBM"), see Bierman v. IBM, Case No. 10-4199 PJH, which action, according to Toshiba, is "related" within the meaning of Civil Local Rule 3-12 to the instant action.[1]  Toshiba argues that in light of the pendency of Bierman's complaint against IBM, the Court should reconsider its order remanding the state law claims because, Toshiba argues, the interests of judicial economy would be served by having the instant case and the IBM case heard in the same court and, to the extent the two cases may present the same or a similar legal issue, the possibility of inconsistent results would be avoided.

Even if Toshiba's recently acquired knowledge of Bierman's complaint against IBM constitutes "newly discovered evidence" for purposes of a motion for reconsideration, see School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (setting forth standard for motion for reconsideration of final order),[2] the Court finds Toshiba has failed to show it is entitled to the relief it seeks, i.e., an order retaining jurisdiction over Bierman's state law claims against Toshiba.  The motion assumes that if the purported relationship of the two cases were now brought to the attention of the Honorable Phyllis J. Hamilton, to whom the lower-numbered matter is assigned, she would find the two cases related,[3] and, further, that, despite the dismissal of all federal claims in the instant action, she would exercise her discretion to retain the state law claims against Toshiba.  Whether such a series of events would occur is, at this stage of the proceedings, a matter of speculation.

---

[1] In his complaint against IBM, Bierman alleges IBM has misappropriated his trade secrets (see Goodson Decl. Ex. B ¶ 7), which trade secrets appear to be the same as those at issue in the instant action.  Neither complaint, however, suggests that Toshiba and IBM were in some manner working together or were even aware of each other's alleged misappropriation.

[2] Although Toshiba states that, prior to November 12, 2010, it searched the docket of the Marin County Superior Court for other cases filed by Bierman (see id. ¶ 3), Toshiba does not explain why it did not search the Northern District's docket prior to November 12, 2010.

[3] On November 19, 2010, Toshiba filed, in Bierman v IBM, an administrative motion requesting a determination of whether said matter was related to the instant matter.  By order filed November 23, 2010, Judge Hamilton denied the motion for the reason the instant matter was no longer pending in this District.

See, e.g., Ryan v. Illinois Dep't of Children & Family Services, 185 F.3d 751, 764-64 (7th Cir. 1999) (holding, where district court dismissed all federal claims against five defendants and remanded remaining state law claim for defamation as asserted against those defendants, district court "acted within its discretion" even though district court continued to exercise jurisdiction over such claim as asserted against other defendants as to whom federal claims had not been dismissed).

Accordingly, the motion is hereby DENIED.

**IT IS SO ORDERED.**

Dated:  December 29, 2010

_____
MAXINE M. CHESNEY
United States District Judge